■ NORMAN HINERFELD et al., Respondents, v HAMPSHIRE COUNTRY CLUB, Appellant. [668 NYS2d 690] —In an action, *inter alia*, to recover for property damage, the defendant appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Wood, J.), dated June 19, 1997, as found it liable for damages and directed it to make alterations to a structure on its property.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiffs, Norman and Ruth Hinerfeld, and the defendant, Hampshire Country Club (hereinafter the Club) own adjoining property in Mamaroneck. The Hinerfelds' residence and the Club's golf course abut Delancy Cove, an inlet of the Long Island Sound. The Hinerfelds commenced this action in 1993 in which they alleged, *inter alia*, that the Club's alterations of an earthen structure on its property in 1992 resulted in substantial damage to their property. The Hinerfelds contended that, by increasing the height of the earthen structure and failing to construct a spillway to divert water into the Sound, water which collected on the Club's property during a heavy rainstorm was diverted, instead, over their property, causing extensive damage.

Following a trial during which the parties presented expert testimony, the Judicial Hearing Officer found the Club liable for damages on the causes of action in the complaint based on theories of nuisance, trespass, and negligence. The Judicial Hearing Officer found that expert testimony established that the earthen structure located on the Club's property operated both as a dike to keep seawater from inundating the golf course and as a dam in that it was used, in part, to impound rainwater run-off and water in the man-made pond. The modification of the structure to increase its height, together with the failure to install a spillway and to open sluice gates during the height of the 1992 storm, caused the diversion of the water over the Hinerfelds' property on its course towards the Sound. The Judicial Hearing Officer directed the Club to modify the structure by installing a spillway or lowering its height.

The evidence supports the Judicial Hearing Officer's determination. The Club contends that it cannot be held liable because, in issuing a permit for the alterations, the State Department of Environmental Conservation treated the structure as a dike and did not require construction of a spillway. However, we agree with the Judicial Hearing Officer that whether the structure was defined as a dike or a dam under State regulations was not determinative on the issue of liability.

The Club's remaining contentions are without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.